UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MEDINA LOPEZ, JR.,<br><br>Petitioner,<br><br>v.<br><br>J. TIM OCHOA, WARDEN,<br><br>Respondent. | Case No. CV 12-1900 SVW (DTB)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND SEPARATE ORDER |

Pursuant to 28 U.S.C. § 636, the Court reviewed the petition, the record, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections to the Report and Recommendation. The Court accepts the findings and recommendation of the Magistrate Judge. Although the Court agrees with and adopts the Report and Recommendation, the Court adds an additional comment about the evidence Petitioner offered to enter the *Schlup* gateway.

In *Schlup v. Delo*, the Supreme Court explained that a petitioner must submit reliable evidence not presented at trial to circumvent AEDPA's statute of limitations. 513 U.S. 298, 316 (1995). The evidence must be significant: "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner cannot meet his heavy burden. First, this Court has some direct evidence that a reasonable person would not harbor reasonable doubt in light of the new evidence. Petitioner ventilated his new evidence before a state court judge in a full evidentiary hearing. The judge considered Petitioner's experts' testimonies (which he reasonably discredited) as well as the State's experts and found insufficient cause to vacate the conviction. These findings are some evidence that the testimonies of Petitioner's new experts would not cause *any* reasonable juror to harbor reasonable doubt.

Moreover, the Ninth Circuit has already determined that the kind of evidence Petitioner introduced is insufficient. The Ninth Circuit has found that new evidence creating a conflict of medical opinion is insufficient to access the *Schlup* gateway. *Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014); *Jackson v. Calderon*, 211 F.3d 1148, 1165 (9th Cir. 2000). And Petitioner's new evidence — testimonies from forensic pathologists that disagree with the expert opinions of other qualified experts — does nothing more than create such a difference of medical opinion.

/ / /

/ / /

/ / /

2

Therefore, Petitioner has not shown that, more likely than not, any reasonable juror would have reasonable doubt about his guilt in this case under the light of the new evidence he has presented. Accordingly, Petitioner cannot present his time-barred habeas claims.

Dated: April 28, 2015

_____
STEPHEN V. WILSON
United States District Judge